Good morning. May it please the court, Edward Dunn on behalf of Appellant Transfercom. This is a dispute arising out of two reinsurance policies issued in the early 80s, specifically 1981-85. When were these reinsurance treaties adopted? It would be, you're saying executed or adopted? Actually written? Well, when did these parties enter into them? 1981 and 82, for two consecutive policy years. The reinsurance agreements contain a service suit clause. When the action was filed, it was, Transfercom removed it to this court and PTRL, in a partial S&E to the rights of the original seat in Pine Top, moved to remand. The district court found that the service of suit clause operated to waive Transfercom's right to the United Kingdom Corporation. The construction of the service of suit clause violated Illinois law in that you have to look at the intent and purpose of the provision. The service of suit clause is named a service of suit clause. Service of suit clause only applies to foreign reinsurers on the risk. It does not apply to any domestic reinsurers. Case law has determined, has found, that the service of suit clause is nothing more than what it is. It's a consent to jurisdiction by foreign. I'm not sure what you mean about case law. I have found four circuits that have interpreted this very language and all four of them have waives the right to remove. This precise language and apparently that understanding dates back to the 1940s. And then we have the Whirlpool case out of Illinois. First district case out of Illinois, 1985, which said it is not a form selection provision. All it means is that the foreign reinsurer consents or wherever the insurer chooses. What does that have to do with removal? Removal is based on an even a lesser, higher standard. It's got to be clear and unapologetical. I'm asking what a case like that can have to do with removal since state courts don't apply on removal. Well it's construing the very provision here in the same context. Whether the service of suit clause. Are there or were there at the time this clause was adopted by these parties, decisions holding that it does not affect removal? I'm not aware of one. But if we apply. There were decisions saying that this particular language does waive removal. But there are subsequent decisions from other districts. Normally we interpret the language of contracts, particularly of insurance contracts, to mean what courts have said that that very language means on the date you adopt it. Right? You get known goods that way. It doesn't well serve the interest of the institution of contract to apply novel understanding years later. That's why I'm trying to figure out whether on the day these agreements were entered into, there was support for the proposition that this does not affect, that this language does not affect removal. There is support for the proposition that it does waive removal. I'm trying to figure out whether there's support for the contrary proposition, and then we'd have to figure out who's right. Well, subsequent case law. So I take it your answer is no. At the time that the service of suit clause was put in these reinsurance treaties, I don't know. But what happened after that is we had. Look, when a judge asks a question about what happened before something was entered into, you really need to answer before rather than answering what happened after. I really know the difference between before and after. My answer is I don't know. However, at the time the service of suit clause was adopted in the reinsurance treaties, there was no arbitration provision. That arbitration provision was adopted later and was inserted into the policy. When you have the arbitration provision competing with the form selection clause, you have an ambiguity. And that ambiguity cannot give rise to a clear and unequivocal right to remove, a waiver of the right to remove. Two competing fora, one arbitration, the other one, I guess, in any court in this, in the U.S., can't mean that there is a clear and unequivocal waiver of the right to remove. I don't know where we get this clear and unequivocal business either. Well, the Bismarck case states that. Newman Haas cites that standard for judging removals, right to remove. The Supreme Court has held that in civil litigation, the ordinary standard is the preponderance of the evidence, not whether something is clear, not whether something is unequivocal. I'm just using the case law out of this district. Bismarck said that for the waiver of the right to remove, the waiver has to be clear and unequivocal. Other cases in this district have said the same thing. You are not in this district. You are in the United States Court of Appeals, and we apply the law as articulated by the Supreme Court. In the Fifth District, McCormick said the same thing, that the waiver should be clear and unequivocal, and in Souter, a Third District case, Third Circuit's case. But given all these factors, given the conflicts between the arbitration provision and the service of suit clause, we believe there cannot be a clear and unequivocal waiver of the right to remove in this contract. I see my time's up. I'll reserve it for rebuttal. Thank you, Mr. Dunn. Ms. Veid. Good morning. May it please the Court, I'm Mary Veid on behalf of the plaintiff of Appalee in this case. I think Your Honor has raised most of the points that I was planning to make in this case. What we have here is a clause that has been used since at least the 40s, I don't believe it goes back any further than that, and employed as a matter of regulatory obligation in just about every state in the country as a condition that the insurance... Do you know the answer to my question? If you look at the precise dates that the removal was proper. Not that removal was proper? Yes. No. Not that I know of. I have not found any. Look, not that I know of is not really what I want to hear. What I had hoped to hear is we did a search and there are no such cases. We couldn't find them or something like that. I have searched. You have searched and nothing came up. Yes. I tried to find every service of suit case I could find. We in the reinsurance bar tend to collect these things obsessively. I think... For the very reason I stated. You get what the judges say this clause means. You either keep the language and get those decisions or you change the language and do something else. It's especially true given the regulatory overlay here. In fact, these clauses are effectively required by state insurance regulators to be a part of reinsurance treaties with foreign or alien reinsurers. During the 1988 to 1991 time period, state insurance regulators were undertaking a fairly massive exercise to codify the rules for approving reinsurance treaties and paying special attention to what traditional wording existed. That resulted in a thing called the Credit for Reinsurance Model Act and Credit for Reinsurance Model Regulation, which I think as we pointed out in our brief, after all the fun happened here, has been codified in Illinois. It is important to the business of insurance that the parties know what they're getting with these clauses and that they know how they're going to be handled by the courts. That's part of the significance of this case. I'd like to move over to just a couple of other points. Mr. Dunn seems to have identified what he believes is an ambiguity coming from the fact that there is both an arbitration clause and the service of suit clause in this reinsurance treaty. That would be true, I think you may have noticed it in other reinsurance cases before this court, of virtually every reinsurance treaty in this particular marketplace at the time. The error that I think the Fifth Circuit fell into in the McDermott case and a couple of other courts have fallen for as well is assuming that an arbitration clause creates a choice of form. It does not. It creates a choice of procedure. When you write an arbitration clause, you do not know who is going to be making the decision. You do not know where it is going to be made unless you include specific language. But most importantly, you do not know if the decision of the arbitrators will be enforceable until you take that award to a court. And so there's absolutely no inconsistency between having both a service of suit clause and an arbitration clause in a reinsurance treaty. The arbitration clause, the court is going to need to be availed of if the parties can't, as we have had issues with with this particular block of business, if the parties can't agree on whether or not arbitration should occur, if the parties can't agree on how arbitration should be arranged, or if after the arbitration has taken place that the parties do not agree that the arbitration award should be enforced. Let's see. This court has a history in holding that a clause that specifies merely a set of definitions by which a forum will be designated is effective as a binding choice of forum. So for instance, one of the IFC cases, IFC versus Aliano, in that case the clause said that the proceedings would be held in the domicile or the home state of whoever happened to own the receivable in question at the time of the dispute arose. So at the time the parties signed the contract, it was one company and it was domiciled in one place. But by the time the contract had gone into default and the contract party sought to enforce the agreement, it was someone else and the case had moved to a completely different part of the country. The debtor in that case complained that that's kind of unreasonable. Why would a party agree to subject themselves to the jurisdiction of some court to be determined later? And this court held in effect that why it really didn't matter. That's what they said. And that there's nothing inherently unfair in it. Here, and as Judge St. Eve very well laid out in her opinion, the parties agreed that venue would lie in the place selected by the reinsured or insured party and that after that venue was selected, the reinsurer would go to and take all steps necessary to subject itself to the jurisdiction and abide by the decision of that court. So it's a two-step process, as she pointed out. It's not just a choice of a forum in which a case may be brought. Once the reinsured has selected a forum, it is the only forum in which the case may persist. Finally, we've got the wording that has found its way into the jurisprudence that such clauses need to be clear and unequivocal. Your Honor is certainly correct that the Supreme Court has said that forum selection clauses are enforceable to the same extent as anything else.  There's a term of a contract like any other contract term. I have done another search and sought for case law that outside the context of a foreign sovereign immunities case or an arbitration convention case articulated a rationale for that clear and unequivocal wording. None found. And in fact, the Third Circuit in the Souter case, which we cited in our brief, very clearly explicated the argument that there's nothing about this clause that requires it to be subjected to any special burden. But as Judge St. Eve found, this particular clause, even if that were a requirement, this particular clause is in fact clear and unequivocal, and there's really no doubt about what it means. It means that the case follows the choice of the reinsured party. If there are questions from the panel, I'd be happy to answer them, but those were the points that I felt needed to be made here. Thank you very much. Thank you, Ms. Veid. Anything further, Mr. Dunn? Plaintiff's contention that arbitration is merely a procedural mechanism is incorrect, at least as I understand the law in this district. Arbitration is a type of forum selection clause. It is a forum selection clause, and I would cite to you the publicus case. She also raised the IFC decision. Counsel, I have a question on this issue of whether or not the arbitration clause actually created an ambiguity. I guess your argument is it did because it's not a procedural issue. It's actually a forum selection. Yes. As to this particular arbitration provision, can you clarify that? Because I'm not necessarily seeing that. Where is the forum selection, forum selection provision in this arbitration agreement that creates the ambiguity? The provision's at Article 18, or Article 20, 19, sorry. And where is the ambiguity? I'm saying that the ambiguity arises because if you consider the service suit clause to be a forum selection clause, then you have a competing forum selection clause with arbitration. As a condition of precedent that any dispute under this reinsurance agreement must be arbitrated. And then all of a sudden we have a service suit clause, which basically allows the sedent or reinsurer to file suit anywhere in the United States. And then we would have to abide by that decision. What does the arbitration clause provide in terms of where?  I'm sorry? Phoenix. Phoenix. But one more point. The IFC decision, Judge Posner actually looked at Whirlpool. And he cited for the proposition that Whirlpool found that the precise service of suit provision here was not a forum selection clause. And he said any other result would be goofy because there is no forum selected. It's any court in the United States. So Judge Posner, when he looked at Whirlpool on this, said the Illinois Supreme Court was correct in his mind because any other result would be goofy. If the service suit clause is not a forum selection clause, then how can it actually operate the right to remove when somebody files suit in a forum? I don't think it can. It's not clear, not equivocal, but clear and specific. For these reasons, we request that the district court order the reverse. Thank you very much, counsel. The case is taken under advisement and the court will be in recess.